| UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA | JS-6 |
|---|---|

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-01386-JLS-KES  December 08, 2021
Title: In re K&M Casinos, Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PETITIONER:   ATTORNEYS PRESENT FOR NON-PARTY:

Not Present                                              Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PETITIONER MICHAEL LEBLANC'S MOTION TO REMAND (Doc. 11)**

Before the Court is Petitioner Michael LeBlanc's Motion to Remand. (Mot., Doc. 11.) Non-party Kevin Barclay opposed, and Petitioner replied. (Opp., Doc. 18; Reply, Doc. 19.) The Court finds this matter appropriate for decision without oral argument, and the hearing set for December 10, 2021, at 10:30 a.m. is VACATED. Fed. R. Civ. P. 78(b); L.R. 7-15. For the following reasons, the Court GRANTS Petitioner's Motion.

Barclay—the third party who removed this action—has not met his burden in proving that removal was proper under 28 U.S.C. § 1441, which permits removal based on diversity and federal-question jurisdiction. There exists a "'strong presumption against removal.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). This "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Id.* (internal quotation marks omitted). Here, Barclay, who is not a party to the action, has not met his burden as to removal under Section 1441.

First, Barclay has not demonstrated that he is the proper, original defendant for purposes of establishing diversity. Indeed, Barclay has not shown that Petitioner

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-01386-JLS-KES                                      December 08, 2021
Title:  In re K&M Casinos, Inc.

mistakenly or improperly styled his petition in seeking an appointment of a provisional director under California law as to K&M Casinos, Inc.  *See, e.g.*, *Anaya v. QuickTrim, LLC*, 2012 WL 6590825 *4 (C.D. Cal. Dec. 17, 2012) (remanding action removed by non-party claiming to be a "functional defendant").

 Even assuming he has standing to remove, Barclay has not demonstrated that the amount-in-controversy in this action exceeds $75,000.  Barclay's allegation that this petition satisfies the amount-in-controversy requirement because it seeks the appointment of a provisional director is both speculative and unsupported.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

 As Barclay has not met his burden and the Court "resolves all ambiguity in favor of remand to state court," Petitioner's Motion is GRANTED.  *Hunter*, 582 F.3d at 1042.  This action is hereby REMANDED to the Superior Court of California (County of Orange), Case No. 30-2021-01201134-CU-PP-CJC.

 **IT IS SO ORDERED**.

Initials of Deputy Clerk: mku